IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07–cv–01681–PAB–KMT

DAVID BUTT,

      Petitioner,

v.

STEVE HARTLEY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Kathleen M. Tafoya**
**United States Magistrate Judge**

      This case comes before the court on Petitioner's Application for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 ("Application") (Doc. No. 2, filed August 9, 2007).  Pursuant to the

Order of Reference dated August 22, 2007 (Doc. No. 6), this court has reviewed the Application,

Respondents' Answer ("Answer") (Doc. No. 13, filed September 20, 2007), Petitioner's

Traverse ("Traverse") (Doc. No. 17, filed November 2, 2007) the pertinent parts of the state

court record, the case file, and the applicable law, and is sufficiently advised to recommend that

Petitioner's Application be DISMISSED WITH PREJUDICE.

## I.    BACKGROUND

Petitioner is currently incarcerated at the Limon Correctional Facility of the Colorado Department of Corrections in Limon, Colorado.  (Application at 9.)  In 2003, Petitioner drove while intoxicated, ran a red light, and struck another car, killing one person and injuring two others.  (Answer, Ex. D at 1; Answer, Ex. A at 2.)  Petitioner was charged with one count of vehicular homicide-DUI, one count of reckless vehicular homicide, two counts of vehicular assault-DUI, two counts of reckless vehicular assault, one count of unlawful possession of a controlled substance, and eight habitual criminal counts.  (*Id*. at 1–2.)  On August 10, 2004, Petitioner pled guilty to the one count of vehicular homicide-DUI—a class three felony, in violation of Colo. Rev. Stat. § 18–3–106(1)(b)(I) (2004)—and the two counts of vehicular assault-DUI—class four felonies, in violation of Colo. Rev. Stat. § 18–3–205(1)(b) (2004)—in exchange for the dismissal of all remaining counts.  (*Id*. at 2.)  The trial court sentenced Petitioner to forty years in prison—twenty-four years for the vehicular homicide count, plus consecutive eight year terms for each vehicular assault count.  (*Id*.)  The court supported this decision to impose aggravated range sentences because (1) Petitioner was on parole at the time of the underlying offense, (2) he had an extensive criminal history, including nine felony convictions, and (3) he committed the offense in an egregious manner.  (*Id*. at 8–10.)

On December 8, 2004, Petitioner filed a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(b) and (c) alleging that the trial court (1) illegally enhanced his sentence based on factors that were not admitted to nor proven to a jury beyond a reasonable doubt in violation of *Apprendi v. New Jersey,* 530 U.S. 466 (2000) and *Blakely v Washington*, 542 U.S.

296 (2004), and (2) illegally imposed consecutive sentences under Colo. Rev. Stat. §

18–1–408(3) (2004) based on a judicial finding that there were multiple victims—also in

violation of *Apprendi* and *Blakely*.  (*Id*. at 10.)  On February 9, 2005, the trial court denied this

motion without a hearing, holding Petitioner's sentence to be valid.  (Answer, Ex. B at 5.)  More

specifically, the court held that Colo. Rev. Stat. § 18–1.3–401(8)(a) (2004) requires a court to

sentence a defendant to at least the midpoint in the presumptive range, but no more than twice

the maximum term authorized, where a defendant was on parole at the time of the underlying

offense.  (Answer, Ex. A at 10–11.)  Thus, the court held that because Petitioner's counsel

admitted on repeated occasions in the plea agreement and at sentencing that Petitioner was on

parole at the time of the commission of his crimes, the aggravated sentence did not violate

*Apprendi*, *Blakely*, or Colorado's sentencing laws.  (*Id*.)  Similarly, the court held that under

Colo. Rev. Stat. § 18–1–408(3) it was permitted to impose, at its discretion, consecutive

sentences where multiple victims were involved, and that, in the present case, Petitioner had

caused "death to an innocent citizen and others [were] seriously injured."  (*Id*. at 25.)

Petitioner subsequently appealed this order, alleging the trial court erred in denying his

motion that his sentence was illegally enhanced because Petitioner never made an "admission"

of his alleged parole status, in accordance with the requirements of *Blakely,* and that,

consequently, he was entitled to a jury finding of his parole status beyond a reasonable doubt.

(*Id*. at 13–19.)  Petitioner also alleged that the trial court's use of his nine prior convictions to

enhance his sentence should have been invalid because although prior convictions are considered

*Blakely*-exempt, and thus can be found via judicial fact-finding, this rule was on "shaky

ground."[1]  (Answer, Ex. A at 20–24.)  Lastly, Petitioner argued that the trial court impermissibly

sentenced him to consecutive sentences without an admission that multiple victims were

involved or a waiver of a jury right as to this finding.  (*Id*. at 24–28.)  On January 25, 2007, the

Colorado Court of Appeals denied this motion, holding that because the sentencing judge could

independently find—as a *Blakely*-exempt fact of prior conviction—that defendant committed the

offense while on parole, as well as that Petitioner had nine prior felony convictions, Petitioner's

enhanced sentence was valid.  (Answer, Ex. D at 2–3.)  Similarly, the Court of Appeals denied

his claim that the imposition of consecutive sentences was invalid, holding that *Apprendi* and

*Blakely* do not apply to the imposition of consecutive sentences.  (*Id*. at 3.)

On April 10, 2007, Petitioner sought certiorari  review of the denial of his post-

conviction motion before the Colorado Supreme Court.  (Answer, Ex. E.)  The Colorado

Supreme Court denied certiorari review on June 11, 2007.  (Answer, Ex. F.)

Petitioner filed his present Application on August 9, 2007, alleging that the trial court

violated his Sixth and Fourteenth Amendment rights by illegally enhancing his sentence.  More

specifically, Petitioner argues that the trial court illegally enhanced his sentence because (1)

---

[1]  Petitioner also alleged in his opening brief that, to the extent that the trial court made fact findings pertinent to the underlying offense, these factual findings cannot support an aggravated sentence because they were not submitted to a jury and found beyond a reasonable doubt.  (*Id*.)  The Court of Appeals did not address this claim because it held that Petitioner's parole status and prior convictions were sufficient grounds for the trial court to enhance Petitioner's sentence beyond the statutory maximum. (*See* Answer, Ex. D.)  For the same reasons, this court similarly does not address whether the trial court was permitted to make factual findings concerning the underlying offense, because its finds that Petitioner's parole status and prior convictions were sufficient grounds for enhancing his sentence.

pursuant to the terms of his plea agreement, his prior convictions were "dismissed"; (2) he was

not advised at his providency hearing that he would be facing an aggravated sentence or that he

had a right to a jury determination of the aggravating elements; and (3) even if prior convictions

are a just reason for imposing an aggravated sentence, they were not sufficiently proven to

warrant their use without violating the Fourteenth Amendment.

## II.     LEGAL STANDARDS

### A.      Pro Se *Petitioner*

Petitioner is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A

court may not assume that a Petitioner can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a Petitioner has not alleged.  *Associated Gen.*

*Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also*

*Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply

additional factual allegations to round out a Petitioner's complaint"); *Drake v. City of Fort*

*Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or

theories for the Petitioner in the absence of any discussion of those issues").  The Petitioner's

*pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296

F.3d 952, 957 (10th Cir. 2002).

### B.        Title 28 U.S.C. § 2254

Pursuant to 28 U.S.C. § 2254(d), an application for writ of habeas corpus may be granted

only if it is based on an underlying state court decision that (1) is "contrary to . . . clearly

established Federal law, as determined by the Supreme Court, or (2) involved an unreasonable

application of . . . clearly established Federal law, as determined by the Supreme Court."

*Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); *see also Trice v. Ward*, 196 F.3d 1151, 1159

(10th Cir. 1999).  A decision is contrary to Federal law when it contradicts prior Supreme Court

precedent and arrives at a conclusion that is "diametrically different" from that precedent.

*Williams*, 529 U.S. at 406.  A decision involves an unreasonable application of Federal law when

it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on

the facts at issue.  *Id.* at 409.  However, the Court "may not issue the writ simply because [it

concludes] in [its] independent judgment that the state court applied the law erroneously or

incorrectly.  Rather, [the Court] must be convinced that the application was also 'objectively

unreasonable.'" *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 566 n.4 (10th Cir. 2000),

*overruled on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

In addition, a presumption of correctness exists regarding trial and appellate court

findings of fact pursuant to this Court's habeas review.  *Sumner v. Mata*, 455 U.S. 591, 592–93

(1982).  As such, Petitioner bears the burden of rebutting this presumption "by clear and

convincing evidence." 28 U.S.C. § 2254(e)(1); *see Houchin v. Zavaras*, 107 F.3d 1465, 1470

(10th Cir. 1997).

### III.   ONE-YEAR LIMITATION PERIOD FOR FILING APPLICATION FOR FEDERAL HABEAS RELIEF

Respondents do not challenge the timeliness of the Application under the one-year

limitation period set forth in 28 U.S.C. §2244(d)(1).

### IV.   EXHAUSTION OF CLAIMS IN STATE COURT AND PROCEDURAL DEFAULT

Respondents concede that Petitioner's claims that his sentence was illegally enhanced

was presented as a federal constitutional issue to the state courts.  (Answer at 10.)  However,

Respondents maintain that, to the extent that Petitioner's specific arguments that his sentence

was unconstitutionally enhanced are *different* from his claims raised in state court, this court

must dismiss such argument as (1) they do not meet the exhaustion requirement of 28 U.S.C. §

2254(b)(1), and (2) because state procedural rules would now bar Petitioner from seeking further

relief in state court, these arguments have been procedurally defaulted.  (*Id.*)  To the extent that

Respondents have failed to specifically raise which arguments are unexhausted because they

differ from the claims raised in state court, the court raises the exhaustion defense *sua sponte.*

*Odum v. Boone,* 62 F.3d 327, 332 n.2 (10th Cir. 1995) (holding that federal courts may, but are

not required to, raise the nonexhaustion defense *sua sponte*).

#### A.   28 U.S.C. § 2254(b)(1)—Exhaustion of State Court Remedies

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be

granted unless it appears that the applicant has exhausted state remedies or that no adequate state

7

remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been fairly presented to the state courts.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  "The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Petitioner's first claim alleges that his sentence was unconstitutionally enhanced because, despite the fact that his "prior convictions . . . were dismissed" pursuant to his guilty plea, the trial court utilized those prior convictions to enhance his sentence.  (Application at 5.)  This claim was not presented to the state courts at any point in his post-conviction proceedings. Therefore, the court finds that, for purposes of federal habeas corpus review, this claim is unexhausted pursuant to 28 U.S.C. § 2254(b)(1).

### B.      *Procedural Default of Unexhausted Claims*

"Generally, when a habeas petitioner has failed to exhaust his state court remedies, a federal court should dismiss the petition without prejudice so that those remedies may be pursued."  *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997).  However, "if the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal

habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"Subject to enumerated exceptions, claims that could have previously been brought on direct appeal or in postconviction proceedings must be denied." *People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007) (citing Colo. R. Crim. P. 35(c)(3)(VII)). Petitioner's first claim could have been raised in his post-conviction motion, which already challenged the constitutionality of his sentence on other grounds. Thus, none of the specifically enumerated exceptions to Colorado's successive post-conviction motions rule apply to Petitioner's first claim. Accordingly, pursuant to Colo. R. Crim. P. 35(c)(3)(VII), because Petitioner failed to raise his first claim in his post-conviction motion, any future assertion of this claim in a post-conviction motion would be denied as successive in state court. As a result, because no further state court remedy exists, Petitioner's first claim is procedurally defaulted before this court.

### C.    *Exceptions to Procedural Default*

The court must next determine whether an exception to the procedural default rule applies that would allow Petitioner's first claim to be heard in this court. Claims which have been procedurally defaulted must be dismissed with prejudice unless the prisoner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law," or, alternatively, "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749–50; *see also Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Petitioner's *pro se* status does not exempt him from the

9

requirement of showing either cause and prejudice or a fundamental miscarriage of justice.
*Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

In order to meet the "cause" element of the cause and prejudice standard, a petitioner must show that "some objective factor external to the defense" caused his failure to properly raise his federal constitutional claims in state court. *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *Lepiscopo*, 38 F.3d at 1130. Petitioner does not claim the presence of any extrinsic, objective factor caused his failure to raise his first claim in his post-conviction motion largely because he apparently believed that Respondents had conceded that his claims were exhausted. (Traverse at 2.) However, the court finds that Petitioner was manifestly unreasonable in reaching this conclusion as Respondents clearly maintained that Petitioner's claims were unexhausted insofar as they differed from his state court claims. (Answer at 10.) Consequently, Petitioner was put on notice that Respondents were asserting nonexhaustion as a defense, but, nonetheless, failed to rebut this defense by demonstrating any cause for his failure to exhaust. Additionally, the court independently finds that the record fails to suggest the presence of any extrinsic factor that may have cause Petitioner's failure to raise his first claim in state court.

The far more stringent test to excuse a procedural default is the fundamental miscarriage of justice exception, which is an "extremely narrow exception, implicated only in an extraordinary case, 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir.1999) (quoting *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir. 1993) (quoting *Murray*, 477 U.S. at 496)). To invoke the fundamental miscarriage of justice exception, a petitioner must "provide[]

10

the court with a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 928

n.3 (10th Cir. 2000) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). Consistent with his

guilty plea, Petitioner does not maintain that he is actually innocent of the crimes he was

convicted of; rather, he maintains only that his sentence was unconstitutionally enhanced.

(Application at 5.) Consequently, the miscarriage of justice exception is not applicable to

Petitioner's first claim.

Therefore, because neither the cause and prejudice or the miscarriage of justice

exceptions apply to Petitioner, his first claim in his present Application was procedurally

defaulted pursuant to a state procedural rule, and is therefore barred in this court as well.

**V.     ANALYSIS ON THE MERITS**

**A.     Second Claim—Providency Hearing Advisement**

Petitioner's second claim alleges that his sentence was illegally enhanced because he was

"not advised at his providency hearing that he would be facing an aggravated sentencing range

or that he had a right to a jury determination as to the aggravating elements." (*Id.*) First, to the

extent Petitioner argues that the trial court *generally* failed to notify him that he could face an

aggravated range, and thus violated his constitutional rights, the court notes that this claim was

not presented to the state courts, and is therefore unexhausted for purposes of federal habeas

review. Nonetheless, the court finds this claim to be facially invalid. Petitioner's opening brief

before the Colorado Court of Appeals in fact concedes that Petitioner was advised at the

providency hearing that "if the court were to find extraordinary circumstances, which could

aggravate the sentence[s]" the vehicular homicide sentence could be up to twenty-four years, and each of the vehicular assault counts could be up to twelve years. (Answer, Ex. A at 6–7.)

As to the second component of Petitioner's second claim—that the trial court failed to advise him that he had a right to a jury determination of any sentence-enhancing aggravating circumstances—the court liberally construes this aspect of Petitioner's second claim to allege the same arguments that his sentence was illegally enhanced that he raised before the Colorado Court of Appeals. More specifically, a claim that the trial court failed to notify him that he had a right to a jury determination as to any aggravating circumstances is necessarily contingent on whether Petitioner was actually, in fact, entitled to a jury determination as to those circumstances pursuant to *Apprendi* and *Blakely*. Moreover, further bolstering this construction of Petitioner's second claim, Respondents, in their Answer, addressed Petitioner's Application as though it alleges the same claims he raised in state court. (Answer at 13–19.) Additionally, in elaborating on the briefly stated claims raised in his Application, Petitioner's Traverse effectively reasserts the same arguments as he raised in his opening brief before the Court of Appeals. (Traverse at 4–7.) Accordingly, the court construes Petitioner's second claim to allege the same grounds for relief as raised before the Court of Appeals.

### 1.  *Parole Status and Prior Convictions as Extraordinarily Aggravating Factors*

Petitioner's first claim in his opening brief before the Colorado Court of Appeals alleged that the trial court unconstitutionally sentenced Petitioner beyond the statutory maximum when it (1) impermissibly utilized Petitioner's parole status as an aggravating factor because this fact

was never formally admitted in compliance with *Blakely*, and (2) impermissibly used Petitioner's prior convictions as a basis for enhancing his sentence because the "precedent . . . exempting the fact of a prior conviction from the *Apprendi/Blakely* rule is on shaky ground." (Answer, Ex. A 11–20.)  These arguments are addressed in turn.

In affirming the trial court's use of Petitioner's parole status as an extraordinary aggravating circumstance to sentence Petitioner beyond the statutorily prescribed range, the Colorado Court of Appeals concluded that, rather than relying on a formal admission pursuant to *Blakely,* the trial court could have independently found—as a *"Blakely*-exempt" fact of prior conviction—that Petitioner committed the underlying offense while on parole. (Answer, Ex. D at 2–3.)  Consequently, pursuant to § 18-1.3-401(8)(a)(II) of Colorado's aggravated sentencing statute, which provides that extraordinary aggravating circumstances include that a defendant "was on parole for another felony at the time of the commission of the felony" the trial court was required to sentence Petitioner "to a term of at least the midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony." *See* Colo Rev. Stat. § 18–1.3–401(8)(a).

As a preliminary matter, pursuant to 28 U.S.C. § 2254(e)(1), the state courts' determination that Petitioner was on parole during the commission of the relevant offense is presumed to be correct. *Sumner*, 455 U.S. at 591–93.  Thus, Petitioner bears the burden of rebutting this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner has not alleged, nor has he submitted any evidence demonstrating, that he was not on parole at the time of his offense.  Rather, his challenge is limited to whether or not the state

13

courts were permitted to take judicial notice of the fact that he was on parole at the time of his

offense.  Therefore, because Petitioner has failed to satisfy his burden of establishing that he was

not on parole at the time of the offense by clear and convincing evidence, the state courts' factual

finding that Petitioner was on parole remains intact, and this court's review is limited only to

whether the state courts were permitted to engage in judicial fact-finding to find that Petitioner

was on parole at the time of his offense.

      In *Apprendi,* the Supreme Court held that, "*[o]ther than the fact of a prior conviction*,

any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be

submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490 (emphasis added).

*Blakely* further explained the requirement enunciated in *Apprendi,* and noted that the

presumptive maximum is the highest sentence a trial court can impose on the basis of the jury

verdict or facts admitted by the defendant without making additional factual findings.  *Blakely*,

542 U.S. at 303.  Thus, pursuant to *Apprendi*, instead of submitting the fact of a defendant's

prior conviction to the jury, the trial court may take judicial notice of a prior conviction in

support of its sentencing decision.

      Since *Apprendi* and *Blakely* were decided, courts—including the Tenth Circuit Court of

Appeals and the Colorado courts—have determined that, because a defendant's status as a

parolee at the time of the commissioned offense is "inextricably linked" to a prior conviction,

this factual finding also qualifies for the prior conviction exception under *Apprendi,* and

consequently is not required to be submitted to a jury.  *People v. Montoya,* 141 P.3d 916, 922

(Colo. App. 2006); *United States v. Corchado,* 427 F.3d 815, 820 (10th Cir. 2005); *see also*

14

*United States v. Pineda-Rodriguez,* 133 F. App'x 455, 458 (10th Cir. 2005). Pursuant to 28 U.S.C. § 2254(d), federal habeas courts are required to deny relief that is not contingent upon clearly established federal law, as set forth in the holdings of the Supreme Court. *House v. Hatch,* 527 F.3d 1010, 1015 (10th Cir. 2008); *see also Williams,* 529 U.S. at 380. Thus, even though not all courts agree that parole status falls under the *Apprendi* exception for prior convictions, *see, e.g., State v. Perez,* 102 P.3d 705 (Or. App. 2004), there is no clearly established federal law, as promulgated by the Supreme Court, which prevents state courts from taking judicial notice of a defendant's parole status as an aggravating circumstance in sentencing. Consequently, the state courts' determination that Petitioner was on parole at the time of his offense, and that consequently his sentence was not unconstitutionally enhanced, was not contrary to, or an unreasonable application of, clearly established federal law.

Alternatively, Petitioner argued before the Colorado Court of Appeals, and the court construes his present Application to assert, that the trial court impermissibly enhanced his sentence based on his prior convictions because the precedent permitting judicial finding of prior convictions is on "shaky ground." (Answer, Ex. A at 21–24.) The Court of Appeals held that findings of Petitioner's prior felony convictions were also "*Blakely*-exempt" facts, and, thus, Petitioner's aggravated range sentences were valid. (Answer, Ex. D at 3.) In support of his position that it was improper to rely on his prior convictions in sentencing, Petitioner points to *Shepard v. United States,* 544 U.S. 13, 25 (2005), which allegedly held that even if a fact "can be described as a fact about a prior criminal conviction, it [may be] to [sic] far removed from the

conclusive significance to a prior judicial record" to authorize judicial fact-finding.  (Traverse at 5–6.)

In *Shepard* the parties disputed whether a prior conviction was properly classified as a "generic burglary," which was a material question for sentencing purposes. *Shepard,* 544 U.S. at 25.  As such, an analysis of the particular facts underlying the prisoner's prior conviction was necessary to establish whether the prior conviction was in fact a "generic burglary" because the record supporting the conviction was "silent on the generic element."  *Id.*  Consequently, the Court held that *Apprendi* required that the factual findings pertaining to the "disputed generic character" of the prisoner's prior conviction be submitted to a jury and found beyond a reasonable doubt.  *Id.* at 25–26.  Here, Petitioner's prior felony convictions were never in dispute.  The trial court's aggravation rested solely on the fact that his prior convictions were felonies, a fact which was also undisputed.  Consequently, *Shepard's* limited requirement that some factual findings of a prior conviction may need to be submitted to a jury is not applicable to the present case.

As already established, 28 U.S.C. § 2254(d) requires that federal habeas courts deny relief that is not contingent upon clearly established federal law. *Hatch,* 527 F.3d at 1015.  Thus, even *assuming arguendo* that the *Apprendi* rule with respect to prior convictions is on "shaky ground," this position falls well short of being contingent on clearly established federal law as required for federal habeas relief.  *See also United States v. Moore,* 401 F.3d 1220, 1224 (10th Cir. 2005) (recognizing prior conviction exception remains viable and binding precedent). Consequently, the Colorado Court of Appeals' holding that the trial court was permitted to take

judicial notice of Petitioner's prior felony convictions to enhance Petitioner's sentence was not

contrary to, or an unreasonable application of, clearly established federal law.

Accordingly, the court finds that the Colorado Court of Appeals' application of *Apprendi*

and *Blakely* to Petitioner's enhanced sentence was not contrary to, or an unreasonable

application of, clearly established federal law.  Therefore, Petitioner's second claim for relief is

properly denied.

### 2.      *Consecutive Sentences for Multiple Victims*

Petitioner's second claim before the Colorado Court of Appeals asserted that the trial

court violated *Apprendi* and *Blakely* by sentencing him to consecutive sentences totaling 40

years.  (Answer, Ex. A at 24–28.)  The trial court imposed consecutive sentences pursuant to

Colo. Rev. Stat. § 18–1–408(3), which provides that where two or more offenses are based on

the same evidence, the sentences imposed shall run concurrently; except where multiple victims

are involved, the court may impose consecutive sentences.  Petitioner maintains that the separate

offenses to which he pleaded guilty were based on the same evidence, and that he never properly

admitted to or waived the fact that there were multiple victims, nor was this fact was proven to a

jury beyond a reasonable doubt consistent with the requirement of *Blakely* and *Apprendi*.  (*Id*.)

As already discussed, a threshold requirement for granting federal habeas corpus relief is

that the requested relief be contingent upon clearly established federal law, as set forth in the

holdings of the Supreme Court.  28 U.S.C. § 2254(d); *Williams,* 529 U.S. at 380.  Moreover, the

federal law must be clearly established at the time that a habeas petitioner's conviction became

final.  *Id*.  Although the federal law at issue "need not have had its genesis in the closely-related

or similar factual context, the Supreme Court must have expressly extended the legal rule to that

context." *House* 527 F.3d at 1016–17 (citing *Wright v. Van Patten*, 128 S. Ct. 743, 746 (2008)).

Petitioner has failed to identify any Supreme Court precedent, in existence at the time of

his sentencing, which extends the law of *Apprendi* and *Blakely* to require that the factual

determinations necessary for the imposition of consecutive sentences must be submitted to a

jury, and proven beyond a reasonable doubt.  Moreover, although the Tenth Circuit does not

appear to have addressed the issue, as Respondents point out, a number of the other circuits have

found that imposing consecutive sentences does not implicate *Apprendi* where the individual

sentences do not exceed the statutory maximum.[2]  *See, e.g., United States v. Andrews,* 339 F.3d

754, 758 (8th Cir. 2003); *United States v. Pressley,* 345 F.3d 1205, 1213 (11th Cir. 2003);

*United States v. Noble,* 299 F.3d 907, 909–10 (7th Cir. 2002); *United States v. McWaine,* 290

F.3d 269, 276 (5th Cir. 2002); *United States v. Noble,* 299 F.3d 907, 909-10 (7th Cir. 2002).

Consequently, as long as Petitioner's individual sentences fall within the statutory maximum, the

---

[2]  Moreover, the court notes that the Supreme Court recently affirmatively decided that *Apprendi* and *Blakely* are not implicated when a trial court imposes consecutive sentences. *Oregon v. Ice,* 129 S. Ct.711, 714–715 (2009).  In *Ice,* the Court determined that an Oregon statutory scheme requiring the trial court to make judicial fact findings before it could impose consecutive sentence s was valid.  *Id.*  The Court held that the concerns of preserving "the jury's historic role" which guided its decision in *Apprendi* were not implicated "in the decision to impose sentences consecutively or concurrently." *Id.* at 717.  Rather, that choice has traditionally "rested exclusively with the judge."  *Id.*  Thus, if the trial court had made judicial findings of fact and imposed consecutive sentences on Petitioner *today*, it would have been acting entirely consistent with clearly established federal law.  However, because the relevant inquiry is instead whether there was clearly established federal law in place at the time Petitioner's conviction became final, *Williams,* 529 U.S. at 380*, Ice* is not relevant to this court's present inquiry.

trial court's imposition of consecutive sentences was consistent with clearly established federal law.

Petitioner's sentences for the vehicular homicide count and the two vehicular assault counts were individually within the statutorily prescribed ranges. More specifically, pursuant to Colo. Rev. Stat. § 18–1.3–401(1)(a)(V)(A), the presumptive sentencing range for the vehicular homicide count—a class three felony—was four to twelve years' imprisonment, and the presumptive range for the vehicular assault counts—class four felonies—was two to six years'. Additionally, and as already discussed, pursuant to Colo. Rev. Stat. § 18–1.3–401(8)(a)(II), the trial court was also permitted to sentence Petitioner to "not more than twice the maximum term authorized in the presumptive range for the felony" when it found "the defendant was on parole for another felony at the time of commission of the felony." Or, alternatively, pursuant to Colo. Rev. Stat. § 18–1.3–401(6), the trial court was likewise permitted to sentence Petitioner up to twice the authorized maximum term because his nine prior felonies were also held to be extraordinarily aggravating circumstances. Consequently, the statutory maximum penalty to which Petitioner was exposed was forty-eight years—twenty-four years for the vehicular homicide count, and twelve years each for each of the vehicular assault counts. Thus, Petitioner's cumulative sentence of forty years falls within the statutory range.

Therefore, this court finds that the trial court's imposition of consecutive sentences—which individually fell within the statutorily prescribed range—was not contrary to, or an unreasonable application of clearly established federal law. Accordingly, this claim is properly denied.

### C.        Third Claim—Proof of Prior Convictions

Petitioner's third claim in his present Application alleges that, even assuming that it was appropriate for the trial court to use his prior convictions to aggravate his sentence, those convictions were not proven sufficiently to warrant their use.  (Application at 5–6.)  In affirming Petitioner's sentence, the Colorado Court of Appeals held that the trial court properly determined that Petitioner had nine prior felony convictions at the sentencing hearing.  (Answer, Ex. D at 3.)  As already discussed, pursuant to 28 U.S.C. § 2254(e)(1), the trial court's findings of fact are entitled to a presumption of correctness.  *Sumner*, 455 U.S. at 592–93.  Therefore, to be entitled to habeas corpus relief, Petitioner must establish, "by clear and convincing evidence[,]" that the trial court's determination that Petitioner had nine prior felony convictions was erroneous.  28 U.S.C. § 2254(e)(1).  Petitioner has not alleged that the trial court's fact findings of his prior convictions were erroneous.  Instead Petitioner merely posits that the "providency/sentencing record is entirely devoid of any reference to [Petitioner's] prior criminal convictions."  (Traverse at 4–5.)  However, as Petitioner's opening brief before the Court of Appeals conceded, the trial court "found, in pertinent part" that Petitioner had "now picked up [his] tenth, eleventh and twelfth felonies."  (Answer, Ex. A at 9.)  Accordingly, Petitioner has failed to satisfy his burden of rebutting the trial court's findings of his prior convictions by clear and convincing evidence.  Therefore, the court finds that Petitioner's third claim is properly dismissed.

WHEREFORE, for the foregoing reasons, I respectfully

**RECOMMEND** that the habeas corpus application be DENIED and the action be DISMISSED WITH PREJUDICE.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

21

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, Petitioners waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 4th day of August, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge

22