IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-01681-PAB-KMT

DAVID BUTT,

    Petitioner,

v.

STEVE HARTLEY and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.
_____

**ORDER**
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge Kathleen M. Tafoya [Docket No. 28] ("the Recommendation"), filed on August 4, 2009, regarding petitioner David Butt's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Docket No. 2] ("the Petition"). Petitioner filed objections to the Recommendation on August 25, 2009 [Docket No. 33].

    **I. STANDARD OF REVIEW**

    Because Mr. Butt is proceeding *pro se*, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

    Pursuant to 28 U.S.C. § 2254(d), this Court will grant *habeas* relief only where the state court unreasonably applied clearly established federal law or reached a decision based on an unreasonable determination of the facts. The petitioner bears the burden of demonstrating by clear and convincing evidence that the trial court's factual

findings are erroneous. 28 U.S.C. § 2254(e)(1); *Trice v. Ward*, 196 F.3d 1151, 1169-70 (10th Cir.1999).

Where a party files timely objections, the Court reviews the objected-to portion of the Recommendation *de novo*. Fed. R. Civ. P. 72(b). In this case, I have applied a *de novo* review to each part of the Recommendation.

**II. BACKGROUND**

Petitioner is currently incarcerated at the Limon Correctional Facility of the Colorado Department of Corrections in Limon, Colorado. Petition at 9. In 2003, petitioner drove while intoxicated, ran a red light, and struck another car, killing one person and injuring two others. Answer, Ex. D [Docket No. 13], at 1; Answer, Ex. A at 2. Petitioner was charged with one count of vehicular homicide-DUI, one count of reckless vehicular homicide, two counts of vehicular assault-DUI, two counts of reckless vehicular assault, one count of unlawful possession of a controlled substance, and eight habitual criminal counts. *Id.* at 1-2. On August 10, 2004, petitioner pled guilty to the one count of vehicular homicide-DUI – a class three felony, in violation of Colo. Rev. Stat. § 18-3-106(1)(b)(I) (2004) – and the two counts of vehicular assault-DUI – class four felonies, in violation of Colo. Rev. Stat. § 18-3-205(1)(b) (2004). In exchange for these guilty pleas, the State dismissed all remaining counts. *Id.* at 2. The trial court sentenced petitioner to forty years in prison – twenty-four years for the vehicular homicide count, plus consecutive eight-year terms for each vehicular assault count. *Id.* The court supported this decision to impose aggravated range sentences because (1) petitioner was on parole at the time of the underlying offense, (2) he had an extensive

criminal history, including nine felony convictions, and (3) he committed the offense in an egregious manner. *Id.* at 8-10.

### III.  MERITS OF PETITIONER'S CLAIMS

Although the Petition states only one claim for relief, a violation of the Sixth and Fourteenth Amendments, that claim has three subparts which Mr. Butt identifies as follows:  "1) pursuant to the terms of his plea agreement his prior convictions were dismissed; 2) he was not advised at his providency hearing that he would be facing an aggravated sentencing range or that he had a right to a jury determination of aggravating elements; and 3) even if prior convictions are just reasons for imposition of aggravation, his priors were not proven sufficiently to warrant there sue [sic] without vioating [sic]  the Fourteenth Amendment protections."  Petition [Docket No. 2], at 5. The Court will address each subpart in turn below.

**A. Use of Prior Convictions to Enhance Sentence** – In this claim, petitioner argues that the plea agreement required the state court to dismiss the habitual criminal charges; therefore, the state court violated the plea agreement by considering his felony convictions in imposing sentence.  The magistrate judge did not reach the merits of this claim but rather, *sua sponte*, considered whether this claim was unexhausted pursuant to 28 U.S.C. § 2254(b)(1) and procedurally barred pursuant to Colorado Rule of Criminal Procedure 35(c)(2)(VII).  The magistrate judge determined that, not only was this claim unexhausted, but it was also procedurally barred. Recomm. at 8-11.

In his objections, petitioner cites *Jones v. Bock*, 549 U.S. 199 (2007), and *Kilgore v. Attorney General,* 519 F.3d 1084 (10th Cir. 2008 ), for the proposition that a prisoner does not need to prove exhaustion of remedies.  *Jones* and *Kilgore*, however, are distinguishable on a number of grounds.  First, *Jones* was decided under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, not in the habeas corpus context.  *See Allen v. Zavaras*, 568 F.3d 1197, 1201 (10th Cir. 2009).  Whereas a typical PLRA claim brought pursuant to 42 U.S.C. § 1983 does not have an exhaustion requirement, Section 2254(b)(1)(A) of the habeas statute does:  "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that [ ] the applicant has exhausted the remedies available in the courts of the State . . . ."  Moreover, whereas the PLRA does not list failure to exhaust as grounds for dismissal, Rule 4 of the Federal Rules of Habeas Corpus requires a court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *See* 568 F.3d at 1201.  Second, the habeas petition in *Jones* was dismissed sua sponte.  Here the Recommendation itself gave petitioner notice and the opportunity to respond on the issue of exhaustion through his objections.  *Allen*, 568 F.3d at 1203.  Thus, petitioner had the chance to correct an erroneous ruling regarding exhaustion.  As a result, *Jones* does not support petitioner's argument that he did not need to demonstrate, at this stage of the proceedings, that he had exhausted his state remedies.  Third, *Kilgore* is distinguishable because it involved the issue of timeliness, not exhaustion, under the habeas statutes.  *Id.* at 1201.  It is therefore inapplicable.

The Court agrees with the magistrate judge, *see* Recommendation at 8-10, that petitioner did not present this claim to the state courts in his post-conviction proceedings, and that petitioner's failure to exhaust his state remedies is not excused.

Moreover, even if the Court did reach the merits, the facts as stated by petitioner do not constitute a breach of his plea agreement.  Petitioner claims that the state offered to dismiss the habitual criminal counts, which were based on his nine prior felony convictions, in return for petitioner pleading guilty to certain vehicular charges.  Objections at 3.  Petitioner then claims the Court used these convictions to enhance his sentence in violation of the terms of the plea agreement.  *Id.*  The state court, however, did not enhance the petitioner's sentence pursuant to the habitual criminal statute, Colo. Rev. Stat. § 18-1.3-801.  For example, had petitioner been sentenced under the habitual criminal statute for having three or more prior felony convictions, the state court would have sentenced him to a mandatory 48-year sentence (four times the maximum of the presumptive range of 4 to 12 years) on the vehicular homicide count and a mandatory 24-year sentence (four times the maximum of the presumptive range of 2 to 6 years) on each of the vehicular assault counts, *see* Colo. Rev. Stat. § 18-1.3-801(2), which, if run consecutively, Colo. Rev. Stat. § 18-1-408(3), would have amounted to a 96-year sentence.  Even if the two vehicular assault sentences were not run consecutively to one another, under petitioner's breach of contract theory he would have been sentenced to 72 years imprisonment.  Petitioner's actual sentence – 40 years – shows that he was not sentenced pursuant to the habitual criminal counts.  Instead, the state court took into account petitioner's felony convictions, not for habitual

criminal purposes, but as part of his criminal history. There was therefore no breach of a plea agreement and, even on the merits, petitioner's claim fails.

    **B. *Apprendi* Argument** – The magistrate judge recommended that the second subpart of petitioner's claim be dismissed because (a) the trial court correctly advised him of the sentencing range, Recomm. at 11-12, and (b) the trial court did not violate any federal right when it failed to advise petitioner of a right to have a jury determine, for sentencing purposes, whether he was on parole at the time of the underlying offenses and whether he had previously been convicted of a felony. Recomm. at 12-17.

 Petitioner objects to these conclusions on the grounds that the exemption for parole status and for previous convictions under the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is no longer valid. Petitioner principally relies on *Butler v Curry*, 528 F.3d 624, 643-46 (9th Cir. 2008), for the proposition that a sentencing court must limit its consideration of prior convictions (and parole status) to the "prior judicial record." Objections at 6-7. In *Butler*, the Ninth Circuit held that the fact of being on probation at the time of one's crime does not fall within the "prior conviction" exception of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and therefore must be proved to a jury beyond a reasonable doubt. 528 F.3d at 647. However, as the Recommendation points out at pages 14-17, petitioner is required under 28 U.S.C. § 2254(d) to show that the state court decision is "contrary to . . . clearly established law." Given that, at the time of his sentencing in 2004, "clearly established law" did not require a sentencing court to base a sentencing enhancement regarding parole or

probation status through a jury finding or proof beyond a reasonable doubt, petitioner has failed to show that the state courts violated clearly established law in rejecting the second subpart of his claim. For example, *Butler* was decided four years after petitioner was sentenced.

        **C. Lack of Sufficient Proof Regarding Prior Felony Convictions** – The third subpart of petitioner's claim alleges that, even if it was proper for the trial court to use his prior felony convictions to enhance his sentence, the state did not sufficiently prove their existence. In his objections, petitioner withdraws this claim based upon *Oregon v. Ice*, --- U.S. ---, 129 S.Ct. 711 (2009). Objections at 7. The Recommendation discussed *Oregon v. Ice* in connection with the second subpart of petitioner's claim as opposed to the third subpart. Nevertheless, the Court has reviewed *de novo* petitioner's claim in the third subpart and the Recommendation's discussion of that claim and agrees with the Recommendation to dismiss that claim with prejudice.

    Accordingly, it is

    ORDERED that the Recommendation of United States Magistrate Judge [Docket No. 28] is accepted. It is further

    ORDERED that petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Docket No. 2] is dismissed with prejudice. It is further

ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED February 9, 2010.

                                          BY THE COURT:

                                          s/Philip A. Brimmer
                                          PHILIP A. BRIMMER
                                          United States District Judge